IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JAN 10 P 2:08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

In re James L. Knowles, Jr.  :
(Fed. Reg. No.: 73206-011),  :
PETITIONER,  :
:  Civ. No.: 2:07cv37-MEF
vs.  :
:
Federal Bureau of Prisons, et al.,  :   FILED UNDER SEAL
RESPONDENTS.  :
:

## PETITIONER'S MOTION TO SEAL THE RECORD

Petitioner in the above-styled matter hereby respectfully moves the Court to Order this case, in its entirety, sealed from disclosure to any party/entity who/which is not a party to this matter. In support of this instant motion, Petitioner would respectfully state:

Petitioner is currently an active participant in the United States Department of Justice Federal Witness Protection Program. (See: 18 U.S.C. §§ 3521 et seq.) Petitioner's witness security status has been continuous for nearlt 2½ decades, and is the result of Petitioner's cooperation with Federal and Alabama State law enforcement authorities against the organization and members of the United Klans of America, Inc., Knights of the Ku Klux Klan. Petitioner is scheduled to be released from custody no later than June 16, 2007, at which time he has determined to voluntarily withdraw from participation in the Federal Witness Protection Program ("FWPP"). Petitioner files this motion to seal the record

at this juncture only because he is required to do so by the Office of Enforcement Operations of the United States Department of Justice and the Central Inmate Monitoring Section of the Federal Bureau of Prisons of the United States Department of Justice. Upon Petitioner's release from custody he will ask the Court to remove the seal from this case — that is, if the Court does in fact decide to seal the matter — so that Respondents' constitutionally violative actions, which mirror the rampant abuses within the Federal Witness Protection Program, may be made publicly available.

Petitioner understands the First Amendment implications of sealing court documents; however, in <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, the Supreme Court recognized that "[t]he right to inspect and copy judicial records is not absolute, every court having supervisory power over its own files." And although the Supreme Court has not, to Petitioner's knowledge, had to deal with sealing court files because of witness security, the High Court has ruled that for the sake of protecting litigants in an action from reprisals, the United States Constitution is not offended by what amounts to a protective order in a court's decision to seal records of a case from public disclosure. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20.

Again, Petitioner understands the First Amendment implications of sealing court documents. And this is the reason Petitioner will move to unseal this case once he is released from custody.

At this time Petitioner hereby respectfully moves to have this case sealed, in its entirety, up to and including June 16, 2007, with Petitioner being given leave to address unsealing this case at any time thereafter.

Respectfully requested this 10th day of January, 2007.

By: _____
James L. Knowles, Jr., pro se
Petitioner
Post Office Box 8000
Marianna, FL 32447-8000

Tel.: None