IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. KNOWLES, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-37-MEF |
| | ) | [WO] |
| | ) | |
| FEDERAL BUREAU PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a petition for writ of mandamus filed by James L. Knowles, Jr. ["Knowles"], an inmate confined at a witness security facility located ancillary to the Federal Correctional Institution in Marianna, Florida. In this petition, Knowles seeks issuance of a writ of mandamus directing his unit manager, respondent Barbara Rickard, to issue a referral, with approval of all other named respondents, to the Community Corrections Manager for the Middle District of Alabama for his placement in a Community Corrections Center within the Middle District of Alabama. Knowles also complains that actions taken against him at the Marianna Facility in which he is incarcerated have occurred due to retaliation and discrimination. He therefore requests an order directing that the respondents refrain from any such further adverse actions.

Upon review of the factual allegations presented in the petition for writ of mandamus, the court concludes that this case should be transferred to the United States District Court for

the Northern District of Florida pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

Knowles is presently incarcerated at a correctional facility located within the Northern District of Florida. All of the actions about which Knowles complains have occurred during his confinement within the jurisdiction of the United States District Court for the Northern District of Florida. Moreover, none of the respondents resides within the Middle District of Alabama. Thus, the claims presented by Knowles are beyond the venue of this court. However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). In light of the foregoing and under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Florida for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Florida pursuant to the provisions of 28 U.S.C. § 1404. It is further

---

[1] Attached to Knowles' petition is an affidavit in support of a request for leave to proceed *in forma pauperis*. However, due to the imminent transfer of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Florida. Additionally, the court makes no ruling on the motion to seal filed by Knowles as any ruling on this motion should likewise be undertaken by the United States District Court for the Northern District of Florida.

[2] The transfer of this case should not in any way be construed as a consideration of the merits of the petitioner's claims for relief.

ORDERED that on or before January 24, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January, 2007.

                      /s/Charles S. Coody
                      CHARLES S. COODY
                      CHIEF UNITED STATES MAGISTRATE JUDGE